# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

January 2, 2007

The Honorable Sue L. Robinson     VIA ELECTRONIC FILING
United States District Court
844 N. King Street
Wilmington, DE 19801

Re:     *Cordis Corp. v. Boston Scientific Corp.*,
        C.A. 98-197-SLR

Dear Chief Judge Robinson:

   Cordis respectfully submits this response to Boston Scientific's letter to Your Honor of December 22, 2006 (D.I. 330), in which BSC opposes Cordis' request (D.I. 327 at 9-10, 11) that the Court consider the opinion of BSC's counsel Oliver Arrett and documents relating to the *Trellis* action, either by judicial notice or *sua sponte* reconsideration of the denial of Cordis' motion to supplement the record. The denial in 2002 of Cordis' motion to supplement the record with these materials (D.I. 256) should not give BSC license to make incorrect arguments that run counter to documents in its possession.

   The statement in BSC's letter that Mr. Arrett "did not interpret the Lau patent to disclose undulating longitudinal[s]" is at odds with Mr. Arrett's opinion that claim 22 of the Fischell '370 patent is "invalid as anticipated by Lau (EP) 540 290 A2," *i.e.*, that Lau discloses every limitation of claim 22, including undulating longitudinals. (Ex. A at 14, to D.I. 237). Cordis urges the Court to review Mr. Arrett's opinion (Ex. A to D.I. 237) in order to place BSC's arguments concerning Lam in their appropriate factual context.

   Similarly, documentary evidence shows that the patents Dr. Fischell discussed in his 1996 deposition testimony in the *Trellis* case were the patents that were assigned to Isostent in 1993, *i.e.*, patents related to "treatment of restenosis ... through application of ... radioactive isotopes." Ex. C to D.I. 237 at ¶ 3(c). A later amendment that broadened the scope of the assignment to include patents on "devices for the treatment of any obstruction of any vessel of the human body by any means" (Ex. D to D.I. 237) does not alter what Dr. Fischell was discussing in his deposition testimony two years before the assignment was broadened. Again, Cordis urges the Court to review the relevant documents (Ex. B, C and D to D.I. 237) to place BSC's arguments in their appropriate factual context.

                                        Respectfully,

                                        /s/ *John G. Day*

                                        John G. Day

The Honorable Sue L. Robinson
January 2, 2007
Page 2

cc: Karen E. Keller, Esquire (via electronic mail)
George C. Badenoch, Esquire (via electronic mail)