# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

July 11, 2007

The Honorable Sue L. Robinson  
United States District Court  
844 King Street  
Wilmington, Delaware 19801

VIA ELECTRONIC FILING

Re: *Cordis Corporation v. Boston Scientific Corporation., et al.*,  
C.A. No. 98-197-SLR

Dear Judge Robinson:

Cordis writes to bring to Your Honor's attention a recent Federal Circuit decision that bears on the inequitable conduct issues that are before the Court on remand from the Federal Circuit. See D.I. Nos. 324, 326-328.

BSC has argued on remand that the "cure" standard of Rohm & Haas Co. v. Crystal Chem. Co., 722 F.2d 1556 (Fed. Cir. 1983) is fully applicable to cases where the inequitable conduct consists of a non-disclosure, and further argued that the disclosure of Hillstead during prosecution of the Fischell '370 patent was an insufficient "cure" under Rohm because the applicants did not specifically call attention to that reference. See D.I. 324 at 24; D.I. 328 at 13-14.

The recent decision in Young v. Lumenis, Inc, --- F.3d ---, 2007 WL 1827845 (Fed. Cir. June 27, 2007) rejects these arguments. In Young, the Federal Circuit distinguished Rohm on the grounds that it involved a false affidavit, rather than a non-disclosure, and further held that the cure for a prior omission is a timely submission. Young, at *10-11. On both points, the Federal Circuit's reasoning is consistent with Cordis' position in the above case and rejects the position advocated by BSC. As the Federal Circuit explained, "[t]he essence of the duty of disclosure is to get relevant information before an examiner in time for him to act on it." Id. at *10.

We thank the Court for its time and attention to this matter.

Respectfully,

/s/ *Steven J. Balick*

Steven J. Balick

The Honorable Sue L. Robinson
July 11, 2007
Page 2


SJB: dmf
182154.1

c:     Gregory L. Diskant, Esquire (via electronic mail)
       Josy W. Ingersoll, Esquire (via electronic mail)
       George E. Badenoch, Esquire (via electronic mail)

Case 1:98-cv-00197-SLR    Document 332    Filed 07/11/2007    Page 2 of 2