IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDIS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 98-197-SLR |
| v. | ) |
| | ) |
| BOSTON SCIENTIFIC CORPORATION, and | ) |
| SCIMED LIFE SYSTEMS, INC. | ) |
| | ) |
| Defendants. | ) |

**CORDIS'S NOTICE OF SUPPLEMENTAL AUTHORITY**

In connection with the proposed Findings of Fact and Conclusions of Law on inequitable conduct (D.I. 326 and 327) that Cordis previously submitted pursuant to the request made by this Court during a teleconference on September 12, 2006, Cordis respectfully brings to the Court's attention, pursuant to Local Rule 7.1.2(b), the recent decision by the U.S. Court of Appeals for the Federal Circuit in *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 2008 WL 3891543 (Fed. Cir. Aug. 25, 2008).

In *Star Scientific*, the Federal Circuit reversed a finding of inequitable conduct as clearly erroneous and emphasized that the "need to strictly enforce the burden of proof and elevated standard of proof in the inequitable conduct context is paramount because the penalty for inequitable conduct is so severe, the loss of the entire patent even where every claim meets every requirement of patentability." *Id.* at *6.

In *Star Scientific*, as in this case, the inventor testified that he was unaware of the allegedly withheld document until after the issuance of the patent in question. *Id.* at 8; D.I. 255 at 83. As in *Star Scientific*, record evidence shows a reasonable – and innocent – explanation.

{00240251;v1}

Contemporaneous documentary evidence, discussed in Cordis's Proposed Findings and Conclusions (D.I. 326 at 6), demonstrates that Dr. Fischell received Hillstead and other references cited in the European Office Action with a cover letter from his attorney that singled out a different reference (Sgro) as the "only reference which is stated as being particularly relevant to claim 1"; in reliance on his attorney's letter, Dr. Fischell cited Sgro to the PTO and did not look at Hillstead until years later – after the '312 patent issued.

As this documentary evidence shows, there is a reasonable explanation for the non-disclosure that is at least as plausible as BSC's assertion that Hillstead was withheld purposefully, with an intent to deceive. As the Federal Circuit stated in *Star Scientific*, "'[w]henever evidence proffered to show ... intent is susceptible of multiple reasonable inferences, a district court clearly errs in overlooking one inference in favor or another equally reasonable inference.'" *Id.* at *7, quoting *Scanner Techs. Corp. v. ICOS Vision Sys. Corp.*, 528 F.3d 1365, 1376 (Fed. Cir. 2008).

        ASHBY & GEDDES

        */s/ Steven J. Balick*

        Steven J. Balick (I.D. # 2114)
        John G. Day (I.D. # 2403)
        Tiffany Geyer Lydon (I.D. # 3950)
        500 Delaware Avenue, 8th Floor
        P.O. Box 1150
        Wilmington, DE 19899
        (302) 654-1888
        sbalick@ashby-geddes.com
        jday@ashby-geddes.com
        tlydon@ashby-geddes.com

        *Attorneys for Plaintiff Cordis Corporation*

*Of Counsel*:

Gregory K. Diskant
Eugene M. Gelernter
Scott B. Howard
Irena Royzman
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036

Dated: September 15, 2008