IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CORDIS CORPORATION,                    )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )  Civ. No. 98-197-SLR
                                       )
BOSTON SCIENTIFIC CORPORATION)
and SCIMED LIFE SYSTEMS, INC.,   )
                                       )
            Defendants.                )

**MEMORANDUM ORDER**

At Wilmington this 31st day of March, 2010, having considered the materials in

connection with defendants' motion for reconsideration (D.I. 341; D.I. 342; D.I. 343);

IT IS ORDERED that defendants' motion to withdraw or amend the enforceability

judgment (D.I. 341) is denied.

**1. Background.** In March 2002, the court rendered a decision invalidating U.S.

Patent Nos. 5,643,312 ("the '312 patent") and 5,879,370 ("the '370 patent") on grounds

of inequitable conduct. *See Cordis Corp. v. Medtronic Ave*, 194 F. Supp. 2d 323, 367

(D. Del. 2002). Specifically, the court determined that, during prosecution of the '312

patent, named inventor Robert Fischell ("Dr. Fischell") and his attorney Morton

Rosenburg ("Mr. Rosenburg") "neglected their responsibility of candor to the PTO by

'putting their heads in the sand' . . ." with respect to their non-disclosure of the Hillstead

prior art reference. *Id.* The court further determined that this deceptive intent was not

mitigated by the patentees' eventual citation of the Hillstead reference during the later

prosecution of the '370 patent.[1]  Accordingly, the court found that "the '370 patent prosecution [was] tainted by the lack of candor exhibited during the '312 patent," and concluded that both patents were unenforceable. *Id.*

**2.** Cordis Corporation ("Cordis") appealed to the Federal Circuit, seeking to reverse the judgment of unenforceability of the '370 patent.  In its opening appeal brief, Cordis explained that the only unenforceability issue on appeal was whether "the district court err[ed] in holding that the '370 patent is unenforceable due to non-disclosure of a reference during prosecution of a related patent." (D.I. 341, ex. A at 3)  Cordis further noted in its brief that ". . . the '312 patent is not being asserted by Cordis and its enforceability is not the subject of this appeal." (*Id.*, ex. B at 1)

**3.** After affirming the finding of materiality with respect to the Hillstead reference, the Federal Circuit remanded for additional findings of fact relating to inequitable conduct. *See Cordis Corp. v. Boston Sci. Corp.*, 188 Fed. Appx. 984 (Fed. Cir. 2006). The Court identified two issues that required clarification upon remand:  (1) whether there was an intent to deceive the PTO during prosecution of the '312 patent; and (2) whether the alleged inequitable conduct in the '312 patent tainted the '370 patent. *Id.* at 988-89.  To this extent, the Federal Circuit posed several questions[2] that would provide

---

[1]The '370 patent issued from a continuation in part of application serial no. 08/202,128, which issued as the '312 patent.

[2]The court was instructed to clarify, inter alia: (1) whether and to what extent the court credited the testimony of Dr. Fischell and Mr. Rosenberg that they did not look at the Hillstead reference until 1998 despite having the reference in their files since 1995; (2) whether Dr. Fischell read a search report sent by Mr. Rosenberg which listed the Hillstead reference and whether Dr. Fischell then read the Hillstead reference at this time; (3)  whether Dr. Fischell knew of the Hillstead reference and, knowing it likely contained material information, avoided contact with it; and (4) whether the court's

the necessary factual background to later review the district court's legal ruling on
unenforceability.  The Court then affirmed in part and remanded the action.[3]

**4.** Upon remand and subsequent review of the record, the court concluded that
its previous decision rendering the '312 and '370 patents unenforceable was not
supported by clear and convincing evidence.  (D.I. 337 at 1)  Consistent with the
Federal Circuit's mandate, the court made additional factual findings with respect to the
deceptive intent and the subsequent taint of the '370 patent.  In connection with
deceptive intent, the court noted that, while it found persuasive the inference that "Dr.
Fischell was not credible in his explanation of why Hillstead was not disclosed to the
PTO during the prosecution of the '312 patent," the inferences from the record as a
whole were inconclusive.  (*Id.* at 8)  In this respect, the court determined that the
parties' opposing inferences were equally reasonable and, accordingly, that the record
could not support a finding of deceptive intent.  (*Id.* at 9)

**5.** Alternatively, the court made several factual findings[4] with respect to the
alleged taint of the '370 prosecution.  The court concluded that defendants had failed to
prove, by clear and convincing evidence, that the non-disclosure of the Hillstead

_____

determination of inequitable conduct rested to any degree upon the conduct of Mr.
Rosenberg.  *Id.* at 988.

[3]The Federal Circuit's mandate states:  "This CAUSE having been adjudicated
an considered, it is ORDERED AND ADJUDGED: AFFIRMED IN PART and
REMANDED."  (D.I. 320)

[4]The court made findings that:  the Hillstead reference was cited during the '370
prosecution; the Hillstead reference had apparent relevance; the examiner reviewed
Hillstead; and the examiner did not comment on Hillstead in allowing the '370 patent.
(*Id.* at 9-10)

3

reference during the prosecution of the '312 patent tainted the '370 prosecution. (Id.) In view of these findings, the court reversed its previous determination that the '312 and '370 patents were unenforceable by reason of inequitable conduct. (Id. at 10) In response to this ruling, defendants have moved, pursuant to Fed. R. Civ. P. 52(b) and 59(e), for reconsideration of the court's judgment that the '312 and '370 patents are enforceable. (D.I. 341)

**6. Reconsideration.** A motion for reconsideration is appropriately filed only if there is: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See generally Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Defendants proffer three legal errors that allegedly warrant a withdrawal of the court's judgment of enforceability.

**7. Discussion.** Defendants first contend that the court failed to comply with the Federal Circuit's mandate when it reversed the unenforceability judgment. In support of this argument, defendants generally invoke the "mandate rule," to wit, the requirement that "a trial court must comply strictly with the mandate directed to it by the reviewing court." Skretvedt v. E.I. Dupont de Nemours, 372 F.3d 193, 203 n.13 (3d Cir. 2004). Defendants argue that the Federal Circuit's mandate clearly limited the court's inquiry on remand "only to supplement and explain its prior findings on deceptive intent and taint." (D.I. 341 at 8) Accordingly, defendants argue, the court exceeded its authority by reconsidering its findings and reversing its previous judgment of unenforceability.

**8.** At the outset, the court disagrees that the reversal of a judgment determined

4

to be inconsistent with subsequent factual findings made pursuant to a mandate from the Federal Circuit constitutes a clear error of law.[5]  Indeed, while the court is bound by the mandate, it retains the discretion to reconsider issues on remand that were not expressly or impliedly decided by the appellate Court.  *See, e.g., Hathorn v. Lovorn*, 457 U.S. 255, 262 (1982) (court's remand for further proceedings not inconsistent with its opinion, together with its failure to address an issue, suggests lower court can still consider issue on remand); *see also United States v. Stanley*, 54 F.3d 103, 107 (2d Cir. 1995); *and Biggins v. Hazen Paper Co.*, 111 F.3d 205, 208-209 (1st Cir. 1997) (holding that the "mandate requires respect for what higher court decided, not for what it has not decided.").

**9.**  Consistent with the guidance of the Federal Circuit, the court limited its factual inquiry on remand to the issues of deceptive intent and taint.  Upon further review of the record, the court determined that defendants had not shown, by clear and convincing evidence, either that the '312 patent was procured by inequitable conduct or that the non-disclosure of the Hillstead reference tainted the later '370 prosecution.  However, because the Federal Circuit's request for additional factual findings does not expressly include permission for the court to reconsider its judgment of unenforceability, defendants argue that the court failed to "implement both the letter and the spirit of [the Federal Circuit's] mandate . . . ."  (D.I. 341 (quoting *Gen. Universal Sys. v. HAL Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (internal citations omitted)))  Such a rigid

---

[5]The court appreciates that the case law is largely silent as to this situation. However, such ambiguity does not amount to the "clear error of law" necessary for defendants to prevail on this motion for reconsideration.

interpretation of the mandate rule would leave the court in the untenable position of submitting for appellate review a factual record which is starkly inconsistent with the court's previous legal determinations. Accordingly, it must be within the court's authority to conclude, on the evidence presented, that defendants had not established the defense of inequitable conduct by clear and convincing evidence.

10. Defendants next contend that the court failed to comply with the mandate because it did not address all of the questions posed by the Federal Circuit. On remand, the court applied the Federal Circuit's guidance to its review of the record and the parties' submissions. In particular, the court noted that the parties' equally plausible inferences regarding the evidence of record belied its previous determination that inequitable conduct was demonstrated by clear and convincing evidence. The court's inquiry in this regard clarified the record for subsequent appellate review, providing further details regarding the required issues of deceptive intent and taint. Consequently, the court did not deviate from the Federal Circuit's mandate.

11. Finally, defendants argue that the court exceeded the scope of the remand because it did not adhere to the principles of appellate finality in its reversal with respect to the enforceability of the '312 patent. Specifically, defendants contend that, because Cordis failed to appeal the enforceability of the '312 patent, the court had no occasion to address this issue during remand. The Third Circuit has "consistently rejected such attempts to litigate on remand issues that were not raised in a party's prior appeal and that were not explicitly or implicitly remanded for further proceedings." Skretvedt, 372 F.3d 193, 203. Irrespective of Cordis' failure to explicitly place the enforceability of the

'312 patent at issue, the Federal Circuit's mandate directing the court to engage in a factual inquiry regarding deceptive intent - relevant to the enforceability of the '312 and '370 patents - implicitly does so.

**12. Conclusion**.  Defendants have failed to allege a clear error of law that would warrant the reconsideration of the court's judgment that the '312 and '370 patents are enforceable.  For the foregoing reasons, defendants' motion to withdraw or amend the enforceability judgment is denied.

United States/District Judge